MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SANTOS B SARAVIA, FELIPE TEPOZ
HERNANDEZ, and JESUS MOLINA LOPEZ,
*individually and on behalf of others similarly*
*situated,*

                                        *Plaintiffs*,

             -against-

HELL'S KITCHEN CREAM & SUGAR INC.
(D/B/A 44 ½ CAFE), BRUCE HOROWITZ,
and SCOTT HART,

                                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiffs Santos B Saravia, Felipe Tepoz Hernandez, and Jesus Molina Lopez, individually

and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their

attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against

Hell's Kitchen Cream & Sugar Inc. (d/b/a 44 ½ Cafe), ("Defendant Corporation"), Bruce Horowitz

and Scott Hart, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## <u>NATURE OF ACTION</u>

        1.    Plaintiffs are former employees of Defendants Hell's Kitchen Cream & Sugar Inc.

(d/b/a 44 ½ Cafe), Bruce Horowitz, and Scott Hart.

        2.    Defendants owned, operated, or controlled an American restaurant, located at 626

Tenth Avenue Store C, New York, NY 10036 under the name "44 ½ Cafe".

3.    Upon information and belief, individual Defendants Bruce Horowitz and Scott Hart, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employed as sous-chefs, kitchen helpers, dishwashers, cooks and salad preparers at the restaurant located at 626 Tenth Avenue Store C, New York, NY 10036.

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that they worked.

6.    Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Santos B Saravia ("Plaintiff Saravia" or "Mr. Saravia") is an adult individual residing in New York County, New York. Plaintiff Saravia was employed by Defendants at 44 ½ Cafe from approximately March 2006 until on or about June 27, 2018.

16.    Plaintiff Felipe Tepoz Hernandez ("Plaintiff Tepoz" or "Mr. Tepoz") is an adult individual residing in Queens County, New York. Plaintiff Tepoz was employed by Defendants at 44 ½ Cafe from approximately September 1, 2016 until on or about June 26, 2018.

17.    Plaintiff Jesus Molina Lopez ("Plaintiff Molina" or "Mr. Molina") is an adult individual residing in New York County, New York. Plaintiff Molina was employed by Defendants at 44 ½ Cafe from approximately 2008 until on or about June 27, 2018.

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled an American restaurant, located at 626 Tenth Avenue Store C, New York, NY 10036 under the name "44 ½ Cafe".

19.    Upon information and belief, Hell's Kitchen Cream & Sugar Inc. (d/b/a 44 ½ Cafe) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 626 Tenth Avenue Store C, New York, NY 10036.

20.    Defendant Bruce Horowitz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bruce Horowitz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bruce Horowitz possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.    Defendant Scott Hart is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Scott Hart is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Scott Hart possessed operational control over Defendant Corporation, an ownership interest in Defendant

Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operated an American restaurant located in the Hell's Kitchen section of Manhattan in New York City.

23.     Individual Defendants, Bruce Horowitz and Scott Hart, possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendants Bruce Horowitz and Scott Hart operated Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.    Plaintiffs are former employees of Defendants who were employed as sous-chefs, kitchen helpers, dishwashers, cooks and salad preparers.

33.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Santos B Saravia*

34.    Plaintiff Saravia was employed by Defendants from approximately March 2006 until on or about June 27, 2018.

35.    Defendants employed Plaintiff Saravia as a sous-chef.

36.    Plaintiff Saravia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.    Plaintiff Saravia's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Saravia regularly worked in excess of 40 hours per week.

39.    From approximately July 2012 until on or about June 27, 2018, Plaintiff Saravia worked from approximately 3:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., Tuesdays through

Fridays and from approximately 9:00 a.m. until on or about 12:00 a.m., on Saturdays (typically 49 to 51 hours per week).

40.    Throughout his employment, Defendants paid Plaintiff Saravia his wages in a combination of check and cash.

41.    From approximately July 2012 until on or about June 27, 2018, Defendants paid Plaintiff Saravia a fixed salary of $800 per week ($450 by check and $350 in cash).

42.    Plaintiff Saravia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43.    For example, Defendants required Plaintiff Saravia to start working 5 to 15 minutes prior to his scheduled start time every day and did not pay him for the additional time he worked.

44.    Defendants never granted Plaintiff Saravia any breaks or meal periods of any kind.

45.    Defendants did not provide Plaintiff Saravia an accurate statement of wages, as required by NYLL 195(3).

46.    In fact, Defendants adjusted Plaintiff Saravia's paystubs so that they reflected inaccurate wages and hours worked.

47.    Defendants did not give any notice to Plaintiff Saravia, in English and in Spanish (Plaintiff Saravia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Felipe Tepoz Hernandez*

48.    Plaintiff Tepoz was employed by Defendants from approximately September 1, 2016 until on or about June 26, 2018.

49.    Defendants employed Plaintiff Tepoz as a kitchen helper.

50.    Plaintiff Tepoz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51.    Plaintiff Tepoz's work duties required neither discretion nor independent judgment.

52.    Throughout his employment with Defendants, Plaintiff Tepoz regularly worked in excess of 40 hours per week.

53.    From approximately September 1, 2016 until on or about June 26, 2018, Plaintiff Tepoz worked from approximately 3:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., Mondays, Tuesdays and Thursdays, from approximately 9:00 a.m. until on or about 12:00 a.m., on Saturdays, and from approximately 9:00 a.m. until on or about 5:00 p.m., on Sundays (typically 48.5 to 50 hours per week).

54.    From approximately September 2016 until on or about September 2017, Defendants paid Plaintiff Tepoz his wages by check.

55.    From approximately October 2017 until on or about June 2018, Defendants paid Plaintiff Tepoz his wages by personal check.

56.    From approximately September 1, 2016 until on or about June 26, 2018, Defendants paid Plaintiff Tepoz a fixed salary of $650 per week.

57.    Defendants only granted Plaintiff Tepoz a break or meal period on Saturdays.

58.    Defendants did not provide Plaintiff Tepoz an accurate statement of wages, as required by NYLL 195(3).

59.    Defendants did not give any notice to Plaintiff Tepoz, in English and in Spanish (Plaintiff Tepoz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Tepoz to purchase "tools of the trade" with his own funds—including two pairs of kitchen shoes and knives and utensils.

*Plaintiff Jesus Molina Lopez*

61.     Plaintiff Molina was employed by Defendants from approximately 2008 until on or about June 27, 2018.

62.     Defendants employed Plaintiff Molina as a dishwasher, then a cook and salad preparer.

63.     Plaintiff Molina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.     Plaintiff Molina's work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Molina regularly worked in excess of 40 hours per week.

66.     From approximately July 2012 until on or about December 2015, Plaintiff Molina worked as a cook three days and as a salad preparer two days a week from approximately 3:00 p.m. until on or about 11:30 p.m., Mondays and Tuesdays, from approximately 3:00 p.m. until on or about 12:00 a.m., on Thursdays, from approximately 9:00 a.m. until on or about 12:00 a.m., on Saturdays, and from approximately 9:00 a.m. until on or about 5:00 p.m., on Sundays (typically 49 hours per week).

67.     Throughout his employment, Defendants paid Plaintiff Molina his wages in a combination of check and cash.

68.     From approximately July 2012 until on or about December 2015, Defendants paid Plaintiff Molina a fixed salary of $550 per week.

69.    From approximately January 2017 until on or about June 27, 2018, Defendants paid Plaintiff Molina a fixed salary of $650 per week.

70.    Plaintiff Molina's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

71.    For example, Defendants required Plaintiff Molina to work an additional 30 minutes past his scheduled departure time once a week and did not pay him for the additional time he worked.

72.    Defendants never granted Plaintiff Molina any breaks or meal periods of any kind.

73.    Defendants did not provide Plaintiff Molina an accurate statement of wages, as required by NYLL 195(3).

74.    In fact, Defendants adjusted Plaintiff Molina's paystubs so that they reflected inaccurate wages and hours worked.

75.    Defendants did not give any notice to Plaintiff Molina, in English and in Spanish (Plaintiff Molina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76.    Defendants required Plaintiff Molina to purchase "tools of the trade" with his own funds—including a knife, shoes, a peeler and tongs.

*Defendants' General Employment Practices*

77.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

78.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

79.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

80.      Defendants' time keeping system did not reflect the actual hours that Plaintiffs Saravia and Molina worked.

81.     Defendants paid Plaintiffs their wages by personal checks, or by a combination of check and cash.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

83.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

85.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek as required under the FLSA.

- 13 -

89.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

92.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

94.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

97.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

99.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

104.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

105.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

114.    Plaintiffs were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

116.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

117.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of, and associated rules and regulations under the NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(k)      Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)       Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 6, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By:      /s/ Michael Faillace
                                       Michael Faillace [MF-8436]
                                       60 East 42nd Street, Suite 4510
                                       New York, New York 10165
                                       Telephone: (212) 317-1200
                                       Facsimile: (212) 317-1620
                                       *Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 29, 2018

BY HAND

TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                     Santos Bladimir Saravia
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      29 de junio de 2018


*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

June 29, 2018

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                    Felipe Tepoz Hernandez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     June 29, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 29, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Jesus Molina Lopez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:    29 de junio de 2018

*Certified as a minority-owned business in the State of New York*