# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                                                                                          Telephone: (212) 317-1200
New York, New York 10165                                                                                                                  Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

June 19, 2020

**VIA ECF**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:     **Saravia, et al. v. Hell's Kitchen Cream & Sugar Inc., et al.;**
                               **18 CV 6129(JPO)**

Your Honor,

This firm represents the Plaintiffs Santos Saravia, Felipe Hernandez, and Jesus Molina Lopez in the above-referenced matter. Plaintiffs write to provide information concerning the fairness of the settlement in this action. The settlement is annexed as Exhibit A. We apologize for our inadvertent delay in submitting this settlement for approval.

    **A. Background and Potential Damages**

The parties agreed to settle for the total amount of $85,000 paid by Defendants within 30 days of full execution. This is a modification to the terms agreed to at the settlement conference held before Your Honor, in light of the COVID-19 pandemic and its effect on Defendants' business. The parties have agreed to reduce the settlement amount and make all payments due within 30 days after execution rather than a series of eleven payments.

Plaintiffs allege they were employed by Defendants at their restaurant, 44 ½ Cafe. Plaintiff Santos Saravia alleged that he worked from (as applicable here) July 2012 until June 2018, working approximately 50 hours per week. Saravia alleges that during this time period he was paid a fixed weekly salary of $800 per week. Defendants acknowledge that they paid

Saravia at a fixed weekly salary and do not dispute his regular hours worked. Saravia alleges, and Defendants acknowledge, that he was paid part by check and part by cash.

Felipe Hernandez worked for Defendants from approximately September 2016 to June 2018. He worked approximately 48 hours per week. From approximately March 2017, Hernandez was paid at a fixed weekly rate of $650 per week.

Plaintiff Jesus Molina Lopez worked for Defendants from (as applicable here) July 2012 to June 2018, with an interruption from the end of 2014 to late April 2016. He worked approximately 48 to 49 hours per week. Molina was paid a fixed weekly salary of $550 per week through December 2014, and $650 per week thereafter.

Defendants contended that Saravia was exempt under the FLSA and NYLL for part of his employment, and therefore it was legal to pay him at a fixed weekly wage. Defendants also produced check records of payments to Hernandez and Molina Lopez which (except for part of Hernandez's employment) showed hourly calculations of wages which provided for wages above minimum wage, and proper overtime payments. However, Plaintiffs Hernandez and Molina Lopez alleged that they received cash payments every week so that they received fixed weekly salaries when the cash and net payment from the check were combined.

Plaintiffs would be owed approximately $160,000 in unpaid minimum and overtime wages, and a total of over $400,000, exclusive of attorneys' fees, if they prevailed to the fullest extent.

The Defendants had limited ability to pay a settlement, and it may have been difficult to enforce a large judgment against Defendants and collect it in full. Even if Plaintiffs were to obtain a judgment for the full amount of their claimed damages, it is not clear that they would

have been able to collect the full amount, and any partial collection would have been time-consuming. Specifically, Defendants closed their business in approximately June 2018. The proposed settlement represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' financial situation.

Considering the risks in this case outlined above, discussed *supra*, Plaintiffs believe that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The parties note that the settlement is a modification of the terms of the agreement that was reached at a settlement conference with Your Honor held just four days before trial was scheduled to begin, and after complete discovery. This shows that the settlement was the result of an adversarial negotiation, and is an indication that the parties settled at the maximum amount that Defendants could possibly agree to pay.

### B. Attorneys' Fees

Under the settlement, and in accordance with their retainer agreements with the Plaintiffs, Plaintiffs' counsel will receive $29,110.00 from the settlement fund as attorneys' fees and costs. This represents costs and one third of the settlement fund after costs of $1,165.00 are deducted. Plaintiffs' fees and costs to date, in the form of the Firm's standard billing sheet, are included herein as Exhibit B.

June 19, 2020
Page 4

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

    a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. The billing sheet reflects Faillace's time with the initials "MF" and is billed at the rate of $450 per hour.

  b. Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., and is regularly billed at an hourly rate of $400.00. This is his standard rate for matters on which I am paid at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of employment claims in state and federal court. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's billing rate of $400 per hour is reflected in Exhibit B with the initials "JA."

  c. Work performed by paralegals is billed at the rate of $100 per hour and reflected by the initials "PL."

As set out in Exhibit B, Plaintiffs' attorneys incurred actual costs of $1,165.00, and in addition billed the amount of $25,320.00 in attorneys' fees. This is reasonable in relation to the amount Plaintiff's attorneys will eventually recover under the settlement agreement. Accordingly, the allocation of the $29,110.00 of the settlement payment as costs and fees is fair.

June 19, 2020
Page 6

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

          Respectfully submitted,

          /s/Joshua S. Androphy
          Joshua S. Androphy
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          Attorneys for the Plaintiffs

Enclosure